WALLACE, JUDGE:
The claimant was injured and her property damaged by three escaped convicts from Huttonsville Correctional Center, Huttonsville, West Virginia.
On Friday night, March 28,1975, the three convicts, together with two others gained entrance to the basement of the Correctional Center through an unlocked cross-over door. From there they were able to enter the machine shop where they used a welding torch to cut out a ground level window and escaped. Two of the prisoners were captured early the next morning. The cither three made their way to the home of claimant at Elk Waters, West Virginia about six miles away. They pried open a window and entered the house. They ransacked the house, destroying furniture and food from the freezer and using several of the rooms as a bathroom.
The claimant was employed at the Wamsley house to take care of Mrs. Wamsley, a stroke victim. The Wamsley home was about one-half mile from the Correctional Center. The claimant testified *265 that she went to her home about 4:30 p.m. the day after the escape. The doors were locked the same as they were on the previous Wednesday when she went to work. She unlocked the door to the porch and entered the kitchen from the porch. One of the convicts, with a silk stocking over his head, came out of the living room and .stuck a 12-guage shotgun up to her face and told her not to scream. He demanded the keys to her car which she gave to him. She was forcibly put in a chair and tied up.
The convicts ripped out the telephone and left in her car taking with them the gun and some clothes. The, claimant managed to get loose and screamed for her sister-in-law who lived nearby. Her sister-in-law responded and took her to the Pine Service Station where they notified the prison and the deputy sheriff at Valley Head, West Virginia, who subsequently apprehended the convicts. The claimant passed out and was taken to the David Memorial Hospital where she remained until she was released on the following Monday.
The claimant’s arm was bruised by the action of the convicts, and she is still being treated for nerves and hypertension. The claimant maintains there was no warning of the escape of the convicts.
For this Court to allow recovery in this case, any liability for damages must be based upon acts constituting negligence which were the proximate cause of the damage.
In the case of Lelia Hurst v. Department of Public Institutions, 9 Ct. Cl. 155, this Court held:
“This Court realizes that it is most unfortunate for anyone to suffer from the acts of an escapee from any institution operated by the State, and naturally regrets it cannot afford some relief, but the only defense which is waived in action against the agencies of the State is the immunity from suits specified in the Constitution, which immunity is the necessary basis of this Court’s jurisdiction. All other defenses are available to the State as they are in cases where individuals and corporations are defendants. Failure to prove actionable negligence is such a defense and such negligence must be the proximate cause.”
The Court finds that the claimant has not proved by a preponderance of the evidence that there was actionable negligence on the part of the respondent, which was the proximate cause of her damages and injuries, and disallows her claim.
Claim disallowed.